

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00226-CR

---

CHRISTOPHER LEE RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 083458-D-CR, Honorable Steven Denny, Presiding

---

February 25, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In March 2024, following a plea of guilty, Appellant, Christopher Lee Rodriguez, was convicted of assault family violence with a previous conviction and was assessed a ten-year sentence, suspended in favor of three years' community supervision.[1] The State moved to revoke community supervision and in June 2024, the trial court signed a judgment doing so and imposed the original sentence of ten years. The summary portion

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

of the trial court's order recites that Appellant's sentence shall run consecutively.  By four issues, Appellant maintains (1) the trial court abused its discretion in ordering his sentence to be served consecutively to any prior sentence; (2) the trial court's cumulation order is void for lack of specificity of any previous conviction; (3) the trial court erred in ordering him to pay court-appointed attorney's fees upon his release; and (4) trial counsel was ineffective for failing to object to the assessment of attorney's fees in the original judgment.  We reform and modify the revocation judgment.

Appellant does not challenge the sufficiency of the evidence to support the revocation judgment.  Thus, only facts necessary to disposition of his issues will be discussed.

### ISSUES ONE AND TWO—IMPOSITION OF CUMULATIVE SENTENCES

Appellant asserts the trial court abused its discretion in ordering his sentence in the instant case to be served consecutively to any prior sentence and by issue two, he contends the cumulation order was void because it lacked specificity of any previous conviction.

A trial court has broad discretion to cumulate sentences.  TEX. CODE CRIM. PROC. ANN. art. 42.08(a).  Here, however, the State concedes there are no eligible sentences with which to cumulate Appellant's current sentence.  Although the State did introduce judgments from 2009 and 2019 for consideration as punishment evidence, the sentences imposed therein ceased to operate for purposes of article 42.08.[2]  According to the State,

---

[2] In 2009, Appellant was adjudicated guilty of robbery and sentenced to confinement for two years. That same year he was convicted of burglary of a vehicle, enhanced, and sentenced to confinement for

Appellant also had a misdemeanor conviction for which he was granted community supervision. Article 42.08(c) prohibits a trial court from cumulating a sentence on completion of a suspended sentence.

On the record before us, the trial court abused its discretion when it pronounced Appellant's current sentence and added, "I will require it to run consecutive to any other cases that you have." The summary portion of the *Judgment Revoking Community Supervision* is reformed to reflect "THIS SENTENCE SHALL RUN CONCURRENTLY." Issues one and two are sustained.

**ISSUE THREE—ASSESSMENT OF COURT-APPOINTED ATTORNEY'S FEES**

By issue three, Appellant asserts the trial court erred in ordering him to pay court-appointed attorney's fees in the original judgment and revocation judgment upon his release.[3] The State concedes the revocation judgment, but not the original judgment, should be reformed to clarify that no attorney's fees are presently due and owing.

The summary portion of the revocation judgment assesses court costs "As per Attached Bill of Cost." The Bill of Cost generated on July 1, 2024, includes a charge of $1,575.00 for attorney's fees. It also contains a notation that "other fees may be applied at a later date." The last line in the Bill of Cost provides, "Attorney fees are not collected

---

180 days. In 2019, Appellant's community supervision for the previous assault family violence conviction was revoked and he was sentenced to confinement for three years.

[3] Appellant complains of the assessment of attorney's fees in both the original judgment and the revocation judgment. In this issue, we address the attorney's fees in the revocation judgment only and address the attorney's fees in the original judgment in issue four.

until the court finds the defendant able to pay" pursuant to article 26.05(g) of the Code of Criminal Procedure.

At the inception of the case, the trial court determined Appellant was indigent and appointed him counsel throughout the proceedings. A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Neither defense counsel nor the State moved for reconsideration of the indigency determination. *See id.* The record contains no evidence of a material change in Appellant's financial circumstances. Nevertheless, the trial court made a special finding in the revocation judgment as follows:

> The Court FINDS that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant. Therefore, the Court ORDERS Defendant to pay AS PER ATTACHED BILL OF COSTS as court costs to the County.

The State concedes there is no evidence to support the present assessment of attorney's fees to be paid in the future. The State suggests modification to the special finding as follows:

> ~~The Court FINDS that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant. Therefore,~~ [T]he Court ORDERS Defendant to pay AS PER ATTACHED BILL OF COSTS as court costs to the County, <u>with the exception of attorney's fees which are not here assessed</u>.

We agree with the State's suggestion and modify the special finding in the revocation judgment as suggested. We delete the assessment of $1,575.00 from the Bill of Cost generated on July 1, 2024. *See Alston v. State*, __ S.W.3d __, No. 07-24-00253-CR,

4

2024 Tex. App. LEXIS 8884, at *4 (Tex. App.—Amarillo Dec. 19, 2024, no pet.). Issue three is sustained in part and overruled in part as to Appellant's argument that he should not be required to pay any attorney's fees upon his release related to the original judgment of conviction.[4]

## ISSUE FOUR—INEFFECTIVE ASSISTANCE OF COUNSEL

Alternatively, Appellant seeks relief if his first three issues are not sustained; because issue three was sustained only in part as it relates to attorney's fees in the revocation judgment and not the original judgment, we address issue four.

Referencing this Court's recent opinion in *Tunstall v. State*, No. 07-24-00269-CR, 2024 Tex. App. LEXIS 8560 (Tex. App.—Amarillo Dec. 10, 2024, no pet.) (mem. op., not designated for publication), Appellant seeks a declaration of ineffective assistance of counsel for his failure to object at the original plea hearing to assessment of court-appointed attorney's fees. In *Tunstall*, this Court was presented with the same argument that attorney's fees incurred during revocation proceedings should not be treated differently than those incurred for the initial guilty plea. *Id.* at *3–4. The State maintains Appellant's issue four is forfeited because it was not raised in a direct appeal of the original judgment of conviction. A claim of ineffective assistance of counsel does not require an objection to be raised on appeal.

To establish a claim based on ineffective assistance, an appellant must show (1) his counsel's representation fell below the objective standard of reasonableness and (2)

---

[4] We note the Bill of Cost generated on March 25, 2024, for the original judgment does not contain a line item for attorney's fees but does provide that "other fees may be applied at a later date."

there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In other words, an appellant must show his trial counsel's performance was deficient and he was prejudiced by the deficiency. *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017).

The *Plea Memorandum*, signed by Appellant and his counsel, was admitted into evidence. By his signature, Appellant acknowledged an understanding and agreement to be liable for "Court Costs and Court Appointed Attorney Fees, if any." As we reiterated in *Tunstall*, when a defendant accepts a condition of community supervision pursuant to a plea agreement, akin to a contractual agreement, he cannot challenge that condition on direct appeal if he did not complain in the trial court that the condition was objectionable. *Tunstall*, 2024 Tex. App. LEXIS 8560, at *4.

To prevail on a claim of ineffectiveness for counsel's failure to object, a party must show the trial court would have erred in overruling the objection. *In re M.M.*, 2020 Tex. App. LEXIS 6816, at *20 (Tex. App.—Amarillo Aug. 25, 2020, no pet.) (mem. op.). Appellant agreed to pay fees as a condition of probation, and a reasonable strategy could involve withholding an objection to avoid jeopardizing the plea agreement. We cannot speculate on counsel's failure to object to a condition in a plea agreement that does not impose confinement. Appellant has not demonstrated that had counsel at the original plea hearing objected to assessment of court-appointed attorney's fees, the result of the proceedings would have been different. We decline to find counsel ineffective for failing to object to assessment of attorney's fees as a condition of the plea agreement. Appellant has not satisfied the two prongs of *Strickland* necessary to prevail on an ineffectiveness

6

claim. We conclude Appellant is not relieved of paying any attorney's fees related to the original judgment of conviction. Issue four is overruled.

## CONCLUSION

The summary portion of the *Judgment Revoking Community Supervision* is modified to reflect "THIS SENTENCE SHALL RUN CONCURRENTLY." On page 2 of the same judgment, the special finding on Appellant's ability to pay is modified as follows:

> ~~The Court FINDS that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant. Therefore,~~ [T]he Court ORDERS Defendant to pay AS PER ATTACHED BILL OF COSTS as court costs to the County, <u>with the exception of attorney's fees which are not here assessed</u>.

In all other respects, the trial court's *Judgment Revoking Community Supervision* is affirmed.

The trial court clerk is ordered to prepare and file a corrected judgment reflecting the reformations and provide a copy of that judgment to this Court, Appellant, and to the Texas Department of Criminal Justice.

Alex Yarbrough
Justice

Do not publish.

7